No. 12,416.

ESTATE OF STUART.

STUART *v.* UNITED STATES NATIONAL BANK, EXECUTOR.

Decided September 16, 1929.

260

Messrs. Tolles & Cobbey, Mr. F. D. Taggart, for plaintiff in error.

Mr. William B. King, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as "plaintiff," defendant in error as "the bank," and the testator as "Stuart."

This is an action for a judicial construction of the will of Stuart. It was brought in the county court by the plaintiff against the bank. The latter demurred for want of facts and jurisdiction, and the petition was denied. On appeal to the district court the bank also filed "objections to the hearing" on the grounds stated in the demurrer, plus those of attempted change of the terms of the will and absence of necessary parties; i. e., the beneficiaries thereunder. On the hearing in the latter court judgment of dismissal was entered. To review that judgment plaintiff brings error, asks that the writ be made a supersedeas, and that on this application final decision be rendered here. The bank objects to such action only because of the absence of the beneficiaries.

Plaintiff and Stuart were married in 1873. To them three children were born. The parents were divorced

in 1899, and Stuart later remarried. In December, 1923, Stuart executed the will in question. Prior to that date all said children had died. Stuart passed away in June, 1926. The value of the estate was approximately $20,000. Save for the provision made for plaintiff this property went largely to distant relatives. The first paragraph of the will directs the payment of debts and funeral expenses. The second, which is the one here involved, reads:

"2. I direct that my executors ascertain the present financial circumstances and conditions of my former wife, Helen M. Stuart, should she be living; and if she should be in need or in want, that my executors purchase for her a life maintenance in some reliable Old Ladies' Home, and it is my will that the fact that she may have remarried shall not bar her from relief under the provisions of this paragraph of my will. In determining whether or not my said former wife is in need or in want, and if so in the selection of the home in which she is to be placed and in determining the amount to be paid out for her relief, the decision of my executors shall be final and conclusive upon all persons. It is my will that the provisions in this paragraph made for my said former wife shall constitute a first and prior charge upon my estate after the payment of debts and expenses. In the making of these provisions I carry out what I believe would be the will of our children could they speak."

Thereupon follow some fifteen additional paragraphs or subdivisions of the document wherein twelve different beneficiaries are named. The bank is now the sole executor.

Plaintiff's petition alleges, among other things, that she is in want, and asks that the quoted clause of the will be construed to require her maintenance and support by the executor in some other appropriate way than by the purchase for her of "a life maintenance in some reliable Old Ladies' Home." She further says: "That by reason of the ill health of your petitioner, and other

reasons which will be clear to the court upon a hearing of this matter, to be subject to the rules and regulations that must necessarily be enforced in such a home, would be injurious to the health and happiness of your petitioner.'' Beyond this the petition consists of allegations of law and argument thereon.

The position of the bank is best expressed in the language of its brief:

''Every humanitarian instinct prompts the officers of the executor bank to want to do something to ease and make more comfortable the declining years of Helen M. Stuart, * * *. The executor bank, in the absence of a judicial interpretation of the will is * * * powerless to act. It may be assumed that Helen M. Stuart will not accept the aid and maintenance offered her as expressly provided for in the instrument. If she is to have help some sort of a liberal construction must be applied to the will * * *. Any money by way of annuity or otherwise devoted to the maintenance of Mrs. Stuart must add or take from the other beneficiaries under the will, and it is the contention of the executor bank that before any such order can be executed, all those interested as benficiaries under the will must be made parties to this suit * * *.

''There is evidence that plaintiff in error is not in perfect health, few persons of her age are in perfect health. It does not appear that her physical condition is an inseparable obstacle to her admission to a home, although this condition, coupled with her mental attitude, makes the negotiation of a satisfactory arrangement doubly difficult.

''The executor is not unwilling to consider a substitute for maintenance in a home provided the following conditions concur:

''(a) That the substitute is the substantial equivalent (in terms of money value) of the cost of maintenance in a home.

''(b) That such substitute be determined and defined

by the decree of a court of general jurisdiction having jurisdiction of the subject matter and of all parties interested in the estate, particularly the residuary beneficiaries.

"(c) That such substitute consist not of a lump sum in cash, but rather a provision for periodic monthly or quarterly payments * * *."

■ From the foregoing it will be observed that the first question for consideration is the alleged defect of parties. Since such relief as this will provides for plaintiff is made "a first and prior charge upon my estate, after the payment of debts and expenses," and since "in determining * * * the amount to be paid out for her relief, the decision of my executors shall be final and conclusive on all persons," the other beneficiaries are not interested until it is contended that the executor has abused its discretion to their detriment. No such claim is here made and our judgment herein is no bar thereto. Hence said beneficiaries are not necessary parties herein.

There is evidence, in this record tending to show that a "reliable Old Ladies' Home" has not been found which will admit plaintiff, also that the condition of her health is such that maintenance therein would emphasize rather than relieve her needs. In other words that the use of the means indicated by the testator to effectuate his clearly expressed purpose would defeat that purpose. If these things are not true it is obvious that they might have been. Moreover, this executor might have found plaintiff married and her needs incapable of relief by residence in an Old Ladies' Home without involving separation from her husband; or she might have been afflicted with some disease which would debar her from such a home; or she might have been found insane. In any such case did the testator intend that all relief should be withheld? If so it was his purpose to extend aid only if her situation were not desperate, otherwise to refuse it. Are we to indulge the supposition that this

father believed that "our children, could they speak," would approve this treatment of their mother? We think the plain language of a paragraph in question repudiates such a construction. Stuart directs his executors to ascertain if plaintiff be living and if so if she be in want. It is stipulated that she is past seventy-three years old, that for more than five years last past she has been a non-resident of Colorado, that ever since Stuart's death she has been in ill health, and that during all said time, and now, she is in need. It is not her confinement in "an Old Ladies' Home" for which this will provides, it is "maintenance." Testator must have realized that "a life maintenance in an Old Ladies' Home" might furnish nothing beyond room and board. He therefore authorizes his executors to determine "the amount to be paid out for her relief," which would include clothing, medical services, etc. Not even her remarriage is to be permitted to work a forfeiture of these things. Finally the whole is safeguarded by the declaration that the decision of the executors under the discretion thus vested in them "shall be final and conclusive on all persons," and that no one of his beneficiaries may receive a dollar from his estate until this beneficent purpose be executed.

We think the demurrer not well taken and the objections invalid. In our judgment it was the testator's intent that his executors provide plaintiff with necessary maintenance and relief; in a reliable Old Ladies' Home, if that plan were feasible, otherwise in some other home, or in such manner and by such means as their best judgment should dictate; and that the entire matter was left to their discretion. For a clear abuse of that discretion only can they be called to account.

The judgment is reversed and the cause remanded for further action in conformity herewith.

Mr. Justice Butler concurs in the conclusion.

Mr. Justice Campbell not participating.